WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John D'Agnese; Barbara D'Agnese, | No. CV 12-0749-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Novartis Pharmaceuticals Corporation, | |
| Defendant. | |

Pending before the Court is Novartis Pharmaceuticals Corporation's ("Defendant" or "Novartis") Motion to Seal Certain Documents (Doc. 78). The Court now rules on the Motion.

Defendant requests leave of the Court to file three expert reports under seal. Defendant plans to attach these expert reports as exhibits to motions to exclude certain of Plaintiff's experts under *Daubert*. These documents were produced subsequent to the entry of a Protective Order in the multi-district litigation before the case was remanded to this Court.

Defendant claims that it is necessary to keep these documents confidential to protect its' competitive position. Defendant further asserts that it has maintained a practice of keeping certain types of documents confidential. Defendant asserts that these expert reports "either are or quote, discuss, and reflect internal corporation documents." (Doc. 78 at 3).

The Motion to Seal is deficient for a number of reasons. First, the Motion makes no

1 attempt to set forth the proper standard for sealing documents. The Ninth Circuit Court of
2 Appeals has recently held that, in certain circumstances, "a *Daubert* motion connected to a
3 pending summary judgment motion may be effectively 'dispositive of a motion for summary
4 judgment,'" thus requiring the Court to apply the "compelling reasons" standard to any
5 motion to seal documents attached to the *Daubert* motion. *In re Midland Nat'l Life Ins. Co.*
6 *Annuity Sales Practices Litig. v. Allianz Life Ins. Co of N. Am.*, __F.3d__, 2012 WL 3024192,
7 at *3 (9th Cir. July 25, 2012) (internal quotation omitted); *see Kamakana v. City and County*
8 *of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ("Those who seek to maintain the secrecy of
9 documents attached to dispositive motions must meet the high threshold of showing that
10 'compelling reasons' support secrecy.") (internal citation omitted).

11 Based on the information provided by Defendant, the Court cannot ascertain whether
12 it should apply the "good cause" standard or the "compelling reasons" standard to
13 Defendant's Motion to Seal. This alone constitutes a reason for denial of the Motion to Seal.
14 However, the Court finds that, even if the lower good cause standard could be applied to
15 Defendant's motion to seal, Defendant has failed to meet that standard.

16 Defendant has not made any attempt to explain to the court why these documents
17 should be sealed, aside from making the conclusory assertion that there is "good cause" to
18 seal confidential documents to protect its competitive position. Such conclusory assertions
19 are not sufficient to overcome the strong presumption of public access because they do not
20 provide the Court with a sufficient factual basis on which it can articulate a decision to seal
21 court records. *See Kamakana,* 447 F.3d at 1179, 1182-83.

22 Further, even if Defendant had articulated good cause to seal some of the information
23 in the expert report, which it did not, Defendant cannot contend that every portion of the
24 expert reports need to be sealed. The policy of promoting access to public documents
25 dictates that only that information which there is good cause or a compelling reason to seal
26 should actually be sealed. Accordingly, to the extent that a party wishes to seal an entire
27 document, rather than redacting certain secret information from that document, the party
28 must provide either good cause or compelling reasons to seal *all* of the information in that

document. *See id.* at 1183.  Otherwise, the party must only seek to redact that information that there is good cause or compelling reasons to seal.  Here, Defendant has not provided good cause or compelling reasons to seal *any portion* of the expert reports and has certainly not provided good cause or compelling reasons to seal those documents as a whole.[1]

Based on the foregoing

**IT IS ORDERED** that Novartis Pharmaceuticals Corporation's ("Defendant" or "Novartis") Motion to Seal Certain Documents (Doc. 78) is denied.

DATED this 16th day of August, 2012.

James A. Teilborg
United States District Judge

---

[1] Further, the Parties should be aware that it is not the practice of this Court to "seal" public hearings and trials or the exhibits introduced therein.  *See TriQuint Semiconductor, Inc. v. Avago Technologies Limited*, No. CV-09-1531-PHX-JAT, 2012 WL 1432519, at *10 (D. Ariz. April 25, 2012).