WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John D'Agnese; Barbara D'Agnese, | No. CV 12-0749-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Novartis Pharmaceuticals Corporation, | |
| Defendant. | |

Pending before the Court is Novartis Pharmaceuticals Corporation's ("Defendant" or "Novartis") Motion for Reconsideration of Order Denying Motion to Seal Certain Documents (Doc. 86) and Novartis Pharmaceuticals Corporation's Motion to Strike Plaintiffs' Opposition to Motion for Reconsideration of Order Denying Motion to Seal Certain Documents (Doc. 93). The Court now rules on the Motions.

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Defendant does not cite to any standard for the Court to reconsider its Order. However, when Federal Rules of Civil Procedure 59(e) or 60(b) are inapplicable,[1] the Court applies the following standard. The Court will grant reconsideration

---

[1] Because this Court's order of August 16, 2012 did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment," the challenged order is not a final judgment or appealable interlocutory order. *Catlin v. United States*, 324 U.S. 229, 233 (1945). Thus, Defendant cannot avail itself of Federal Rules of Civil Procedure

if the party seeking reconsideration makes a showing that:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened *after* the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court *before* the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (emphasis added).

Defendant asks the Court to reconsider its decision (*see* Doc. 82) not to seal three expert reports that Defendant seeks to attach to *Daubert* motions to exclude certain of Plaintiff's experts. In the Court's August 16, 2012 Order, the Court found that Defendant failed to cite the proper standard for sealing documents attached to a *Daubert* motion, failed to provide good cause or compelling reasons to seal the expert reports, and failed to limit its request to seal information to only that information that was indeed secret. (*See* Doc. 82).

Defendant now states that the Court should reconsider its Order because Defendant was "under the (mistaken) impression that this matter had been previously litigated and that the MDL's Protective Order and subsequent rulings regarding it would continue to be controlling in this litigation." (Doc. 86 at 2). This argument is unavailing and fails to meet the standard for reconsideration as set forth above.

First. this argument ignores clear Ninth Circuit law and this Court's local rules that set forth both (1) that a protective order entered in a case does not control the sealing of documents and (2) that, each time a party seeks to seal documents, it must meet the

---

59(e) or 60(b), which only apply to reconsideration of "final judgments and appealable interlocutory orders." *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466-67 (9th Cir. 1989).

appropriate standard for sealing. Specifically, LRCiv 5.6 provides that:

> The Court generally will not enter an order that gives advance authorization to file documents under seal that are designated for such treatment by parties under a protective order or confidentiality agreement. Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal . . .

LRCiv. 5.6. Likewise, the Ninth Circuit Court of Appeals has been clear that, even if a document has previously been allowed to be filed under seal or protective order, the compelling reasons standard must be satisfied *each time* the party seeks to seal a document. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order.'") (citing *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

Defendant has pointed to no law or previous proceedings in this case that would justify reconsideration based on Defendant's "mistaken impression" that it did not need to meet the proper standard for sealing documents in the first instance.

Further, even if Defendant had met the proper standard for reconsideration, which it did not, the Court would again deny the Motion to Seal on the merits. In denying the Motion to Seal in the first instance, the Court explicitly instructed that "when seeking to seal an entire document, rather than redacting certain secret information from the document, the party [seeking to seal the information] must provide either good cause or compelling reasons to seal *all* of the information in that document." (Doc. 82 at 2-3 (emphasis in original) (citing *Kamakana*, 447 F.3d at 1183)). Nonetheless, Defendant still contends that the entirety of the expert reports should be sealed, but fails to provide any reason to seal *all* of the information in the expert reports.

For instance, Defendant contends that "[t]he entire Parisian Report should be sealed because it contains innumerable quotations to internal company communications . . . and is interwoven with quotations or allusions to internal company documents—often without citation." This conclusory assertion again fails to identify specifically why the "entire"

1  Parisian Report needs to be sealed. The Motion to Seal and the Motions for Reconsideration
2  were not filed under seal and they contain information that Defendant now seeks to have
3  sealed, such as the name of the expert whose report should be sealed. Accordingly, it is clear
4  that Defendant has not attempted to identify and redact only information that it claims is
5  confidential. For this reason alone, the Motion to Seal fails. *See Kamakana*, 447 F.3d at
6  1184 (finding that a review of the "proposed redactions supports the decision to unseal the
7  records [because], [f]or example, many names or references for which the United States
8  sought redaction were either already publicly available or were available in other documents
9  being produced . . .").

10  Further, the first seven pages of Dr. Parisian's report simply describe her background
11  and make no reference to Defendant. Defendant has failed to provide any reasons why Dr.
12  Parisian's background constitutes a confidential secret that should be sealed. Although the
13  Court only provides this one example, the relevant expert reports are replete with information
14  for which Defendant has failed to provide *any* reason to seal. Thus, even if the Court granted
15  the Motion for Reconsideration, Defendant has still failed to meet the appropriate standard
16  for sealing the expert reports.

17  Based on the foregoing,

18  **IT IS ORDERED** that Novartis Pharmaceuticals Corporation's ("Defendant" or
19  "Novartis") Motion for Reconsideration of Order Denying Motion to Seal Certain
20  Documents (Doc. 86) is denied.

21  **IT IS FURTHER ORDERED** that Novartis Pharmaceuticals Corporation's Motion
22  to Strike Plaintiffs' Opposition to Motion for Reconsideration of Order Denying Motion to
23  Seal Certain Documents (Doc. 93) is granted. The Clerk of the Court shall strike Plaintiffs'
24  Response in Opposition to the Motion for Reconsideration (Doc. 92).

25  DATED this 27th day of August, 2012.

James A. Teilborg
United States District Judge